UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA HAYWOOD,

        Plaintiff,

v.

ROUNDPOINT MORTGAGE
SERVICING CORPORATION,

        Defendant.
_____/

Case No. 18-10111

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

## <u>OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 8)</u>

Plaintiff Cynthia Haywood filed this action in the Circuit Court of Washtenaw County on December 1, 2017, seeking to have the June 2016 foreclosure of her home set aside. Defendant RoundPoint Mortgage Servicing Corporation removed the action to this Court the following month, and now moves to dismiss the matter for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

For the reasons discussed below, the Court finds Defendant's argument that Plaintiff has failed to plausibly allege facts entitling her to legal relief to be meritorious. Accordingly, the Court will grant Defendant's Motion to Dismiss.

### I.    BACKGROUND

**A.    Factual Allegations**

The subject property in this dispute is situated at 1726 Weeping Willow Court

in Ypsilanti, MI. (ECF No. 1, Notice of Removal Ex. A, State Court Complaint (hereinafter "**Compl.**") ¶ 4.) Plaintiff financed the purchase of the subject property in September 2014 with a $152,192 loan from non-party Movement Mortgage LLC, which was secured by a mortgage on the subject property. (Compl. ¶ 6; ECF No. 8, Def.'s Mot. Ex. 1, Mortgage.) The mortgage was later assigned to Defendant on January 19, 2016. (Def.'s Mot. Ex. 2, Assignment of Mortgage.)

Plaintiff alleges that sometime in "early 2016," Defendant advised her of its intention to foreclose on Plaintiff's mortgage in March 2016. (Compl. ¶ 12.) Plaintiff further alleges that she filed for Chapter 13 bankruptcy on March 9, 2016, but that her bankruptcy case was dismissed shortly thereafter, "primarily because the plan was underfunded." (Compl. ¶¶ 13-14.)

On March 22, 2017, according to the Complaint, Plaintiff "was forced to file another Chapter 13 [b]ankruptcy . . . that was ultimately dismissed because Plaintiff had opened up the lines of communication with Defendant to do a modification which would save over $10,000.00 versus a Chapter 13." (Compl. ¶ 15.) Plaintiff alleges that she had numerous conversations over the next several weeks with Defendant, to whom she sent "several documents . . . to facilitate" the potential modification. (Compl. ¶ 16.) Plaintiff then alleges that her second bankruptcy petition was dismissed on May 23, 2017 while she "pursued the modification," but that the subject property was foreclosed upon in June 2017—a fact which she was

2

surprised to learn "weeks after" the foreclosure sale was held.[1] (Compl. ¶¶ 17-18.)

In the Complaint, Plaintiff asserts that the foreclosure proceedings were defective, and therefore created no enforceable legal interest on Defendant's part in the subject property, because Defendant failed to comply with the Michigan statute governing foreclosures by advertisement. (Compl. ¶¶ 19, 21 (citing Mich. Comp. Laws § 600.3201 *et seq.*).) Specifically, Plaintiff claims that Defendant failed to post conspicuous notice of the foreclosure sale on the subject property within 15 days after publishing the notice in a newspaper, in violation of Mich. Comp. Laws § 600.3208. (Compl. ¶ 20.) Finally, Plaintiff alleges that she was prejudiced by Defendant's actions because had she had been afforded proper notice of the foreclosure, "she would have been in a position to show up to the Sheriff[']s Sale and redeem her property, attempt to sale [*sic*] her property prior to the foreclosure sale, file for Bankruptcy Relief under the Bankruptcy Code, etc." (Compl. ¶ 22.)

**B.   Procedural History**

Plaintiff filed this action in the Circuit Court for the County of Washtenaw on December 1, 2017, and Defendant timely removed it to this Court on the basis of diversity jurisdiction. (ECF No. 1, Notice of Removal.) Defendant filed the instant

---

[1] The parties provide different accounts of the exact date of the sale: Plaintiff alleges in the Complaint that it was held on June 1, 2016 (Compl. ¶¶ 7, 18), but the Sheriff's Deed attached as an exhibit to Defendant's Motion to Dismiss states that it took place on June 6, 2016 (Def.'s Mot. Ex. 3, Sheriff's Deed). To whatever extent this creates a factual ambiguity, that ambiguity is immaterial to the outcome here.

Motion to Dismiss on February 7, 2018. (ECF No. 8, Def.'s Mot.) Plaintiff did not file a brief in response, and Defendant did not file a reply brief.

The Court conducted a hearing on Defendant's Motion to Dismiss on April 26, 2018, at which counsel for both parties appeared.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012).

To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (quotation marks and citations omitted).

In other words, a plaintiff must provide more than "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The Sixth Circuit has recently reiterated that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) ("Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings."). Courts have carved out a narrow exception to this rule, however: a district court ruling on a Rule 12(b)(6) motion "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting

*Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).[2]

## III. DISCUSSION

Defendant correctly points out that although Plaintiff's Complaint sets forth only one count—styled as a "Quiet Title/Set Aside Foreclosure" claim (Compl. at 2, Pg ID 12)—her allegations actually encompass several different potential theories of recovery. For the reasons set forth below, however, the Court finds that none of these potential theories has legal merit.

### A. Plaintiff's claim for wrongful foreclosure

"Non-judicial foreclosures, or foreclosures by advertisement, are governed by statute under Michigan law." *Conlin v. Mortgage Electronic Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (citing *Munaco v. Bank of America*, 513 F. App'x 508, 511 (6th Cir. 2013)). In addition to setting forth "certain steps that the mortgagee must go through in order to validly foreclose," these statutes "provide the

---

[2] Although this matter comes before the Court on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may consider Exhibits 1, 2, and 3 to Defendant's Motion because they are all "public records," documents "referred to in the Complaint and . . . central to the claims contained therein," or both. *Bassett*, 528 F.3d at 430. At the same time, however, the Court excludes the adjournment notices attached as Exhibit 4 to Defendant's Motion, because they are "matters outside the pleadings" which do not appear on their face to fall into one of the categorical exceptions recognized by the Sixth Circuit in *Bassett*. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

mortgagor six months after the sheriff's sale in which to redeem the property." *Id.* (citing Mich. Comp. Laws § 600.3240(8) and *Mitan v. Fed. Home Loan Mortg. Corp.,* 703 F.3d 949, 951 (6th Cir. 2012)). "Once this statutory redemption period lapses, however, the mortgagor's 'right, title, and interest in and to the property' are extinguished." *Id.* (quoting *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187-88 (1942) and citing Mich. Comp. Laws § 600.3236).

At that point, the mortgagor must clear a high bar to have the foreclosure and sale reversed. The Sixth Circuit has held that to further the statutes' interest in affording finality to the buyers of foreclosed properties, "the ability for a court to set aside a sheriff's sale has been drastically circumscribed." *Conlin*, 714 F.3d at 359. Specifically, "Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'" *Id.* (quoting *Schulthies v. Barron,* 16 Mich. App. 246, 247-48 (1969)). In addition, plaintiffs seeking to set aside a foreclosure sale "must show that they were prejudiced by defendant's failure to comply with [the foreclosure-by-advertisement statutes]. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115–16 (2012).

In addition, "not just any type of fraud will suffice. Rather, '[t]he misconduct must relate to the foreclosure procedure itself.'" *Conlin*, 714 F.3d at 361 (quoting *El–Seblani v. IndyMac Mortg. Servs.,* 510 F. App'x 425, 429–30 (6th Cir. 2013)). "An alleged irregularity in the loan modification process . . . does not constitute an irregularity in the foreclosure proceeding." *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 294 (6th Cir. 2015) (citing *Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012)). Following these principles, courts in this District have consistently held that the practice of "dual tracking"—*i.e.,* "a common tactic by banks [of] institut[ing] foreclosure proceedings at the same time that a borrower in default seeks a loan modification"—"relate[s] to the loan modification process rather than the foreclosure process," and is therefore not a valid basis for setting aside a foreclosure sale for fraud or irregularity. *Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 585 (E.D. Mich. 2014); *see also Buttermore v. Nationstar Mortg. LLC*, No. 16-14267, 2017 WL 2306446, at *7 (E.D. Mich. May 26, 2017) (Borman, J.) ("Courts in this District have repeatedly held . . . that dual-tracking allegations do not constitute allegations of irregularities in the foreclosure process, as required to set aside a foreclosure by advertisement."); *Trudell v. Carrington Mortg. Servs., L.L.C.*, No. 16-10441, 2016 WL 6080822, at *4 (E.D. Mich. Sept. 27, 2016) ("Despite Plaintiff's attempt to blend the loan modification process and foreclosure process, case law in this district holds each process separate. . . . Plaintiff's allegation

8

of dual tracking cannot demonstrate a "fraud or irregularity" necessary to toll the redemption period."), *report and recommendation adopted sub nom. Trudell v. Carrington Mortg. Servs., LLC*, No. 16-10441, 2016 WL 6070124 (E.D. Mich. Oct. 17, 2016); *Bey v. LVN Corp.*, No. 14-13723, 2015 WL 4546752, at *11 (E.D. Mich. July 28, 2015) ("Alleged dual tracking violations relate to the loan modification process rather than the foreclosure process . . . .") (quotation marks omitted) (quoting *Boluch v. J.P. Morgan Chase,* No. 14–14705, 2015 WL 1952285, at *2 (E.D. Mich. Apr. 29, 2015)).

In this case, Plaintiff has failed to plausibly allege any fraud or irregularity that would justify setting aside the foreclosure. The allegations in the Complaint fall into two categories: (1) allegations concerning the parties' discussions about a potential loan modification after foreclosure proceedings had been initiated (dual tracking, in other words); and (2) allegations that Defendant failed to give Plaintiff proper notice of the foreclosure sale.

The decisions discussed above make clear that dual-tracking allegations do not amount to allegations of fraud or irregularity in the foreclosure process, which are required to set aside a foreclosure by advertisement.

As to notice of the foreclosure sale, the only specific allegation that Plaintiff makes in that regard is that "Defendant failed to securely post notice of Defendant's intent to foreclose conspicuously on the subject real property within 15 days after

9

the publication of the notice, as required under MCL 600.3208."[3] (Compl. ¶ 20.) At the same time, however, the Sheriff's Deed (attached as an exhibit to Defendant's Motion to Dismiss) includes an affidavit by Tim Ronayne, who attested that he "posted a notice, a true copy of which is annexed hereto, in a conspicuous place upon the premises described in said notice by attaching the same in a secure manner to 1728 Weeping Willow Ct, Ypsilanti, MI 48198." (Def.'s Mot. Ex. 3, Sheriff's Deed at 4, Pg ID 98.) That notice, included on the same page of the Sheriff's Deed as Ronanyne's affidavit, identified the premises and stated that a foreclosure sale was to be held on March 23, 2017 at the Circuit Court of Washtenaw County. (*Id.*)

Thus, there is a conflict between Plaintiff's allegation that notice of the foreclosure sale was not posted at the subject property, and the affidavit in the Sheriff's Deed attesting that it was. The affidavit prevails. Mich. Comp. Laws § 600.3256(1) provides that "[a]ny party desiring to perpetuate the evidence of any sale made in pursuance of the provisions of this chapter, may procure . . . [a]n affidavit setting forth the time, manner and place of posting a copy of such notice of sale to be made by the person posting the same." Further, Mich. Comp. Laws §

---

[3] That statute relevantly provides that notice of a foreclosure sale is to be published "for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. . . . In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice." Mich. Comp. Laws § 600.3208.

600.3264 provides that such affidavits "shall be presumptive evidence of the facts therein contained." This Court concluded, in circumstances very similar to those presented by this case, that an affidavit annexed to a Sheriff's Deed indicating that notice had been posted outweighed a plaintiff's contrary allegation:

> A notice of a foreclosure must be published for four successive weeks, at least once a week, in a newspaper published in the county where the premises to be sold are situated. Mich. Comp. Laws § 600.3208. Additionally, a notice of foreclosure must be posted "in a conspicuous place upon any part of the premises described in the notice" within fifteen days of the first publication. *Id.* Plaintiff alleges that Defendants failed to provide the proper statutory notices because he "did not see" or "never saw" the published notices or the notice posted on the Property. These claims are belied by the affidavits attached to the Sheriff's Deed which provide that the notice of foreclosure was properly published for four weeks (3/18/15, 3/25/15, 4/1/15, and 4/8/15) and posted on the Property on March 27, 2015. These affidavits are "presumptive evidence" that the notices were provided. Mich. Comp. Laws § 600.3264. Thus, Plaintiff's claims that he merely did not see the notices does not create a plausible claim of wrongful foreclosure pursuant to § 600.3201. *See Derbabian v. Bank of Am., N.A.*, 587 Fed.Appx. 949, 956 (6th Cir. 2014) (holding that the bare assertion that the defendant failed to give "required notices" did not meet the pleading standards of Fed. R. Civ. P. 8, and "[m]ore importantly, the sheriff's deed reflecting the foreclosure sale shows that the [plaintiffs] were given the statutorily required notices.").

*Radske v. Fed. Nat'l Mortg. Ass'n*, No. 15-14107, 2016 WL 3667957, at *3 (E.D. Mich. July 11, 2016) (Borman, J.). *See also Deming-Anderson v. PNC Mortg.*, 119 F. Supp. 3d 635, 642 (E.D. Mich. 2015) (concluding that the plaintiff had received notice of the foreclosure because the affidavits attached to the Sheriff's Deed were

unrebutted); *Watts v. Mortg. Bridge Sols., LLC*, No. 16-10552, 2016 WL 8188768, at *5 (E.D. Mich. Dec. 7, 2016) (same) (citing *Radske*, 2016 WL 3667957, at *3), *report and recommendation adopted*, No. 16-CV-10552-DT, 2017 WL 438745 (E.D. Mich. Feb. 1, 2017); *Moore v. U.S. Bank, N.A.*, No. 1:12-CV-1087, 2013 WL 1500594, at *3 (W.D. Mich. Apr. 10, 2013) (same).

As Plaintiff has offered no evidence rebutting the affidavits included with the Sheriff's Deed, and because Plaintiff's dual-tracking allegations are insufficient as a matter of law to allege fraud or irregularity in the foreclosure process, Plaintiff has not met the burden she must meet to have the foreclosure set aside.

**B.     Plaintiff's quiet-title claim**

The Complaint also states that "Plaintiff seeks to quiet title pursuant to MCL 600.2932 and MCL 600.3201 et seq." (Compl. ¶ 10.) Mich. Comp. Laws § 600.3201 is the foreclosure-by-advertisement statute discussed above. Mich. Comp. Laws § 600.2932 provides in relevant part that

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

Mich. Comp. Laws § 600.2932(1). The Sixth Circuit has explained, however, that "quiet title is a remedy, not a freestanding claim. Like a request for an injunction or

12

disgorgement, a request for quiet title is only cognizable when paired with some recognized cause of action." *Jarbo v. Bank of N.Y. Mellon*, 587 F. App'x 287, 290 (6th Cir. 2014) ("Because the [plaintiffs] assert their quiet title claim as a discrete count, the district court was correct to dismiss it."); *see also Shaya v. Countrywide Home Loans, Inc.*, 489 F. App'x 815, 819 (6th Cir. 2012) ("[S]ince the district court did not err by dismissing all of Plaintiffs' claims for failing to state a claim, the district court is affirmed for dismissing Plaintiffs' request to quiet title in their favor."), *as amended* (May 24, 2012). In addition, Michigan Court Rule 3.411 provides that complaints asserting quiet-title claims under Mich. Comp. Laws § 600.2932 must allege "(a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." Mich. Ct. R. 3.411(B)(2).

Because Plaintiff has not plausibly alleged facts that entitle her to relief on any independent legal theory, nor has she alleged facts establishing the superiority of her claim to the subject property, she has failed to state a claim for quiet title. *See Saco v. Deutsche Bank Nat. Tr. Co.*, 595 F. App'x 500, 502 (6th Cir. 2014) (affirming the dismissal of a quiet-title claim where the plaintiffs had alleged only conduct relating to potential loan modification); *see also Trombley v. Seterus Inc.*, 614 F. App'x 829, 835 (6th Cir. 2015) (affirming the dismissal of a quiet-title claim where all other claims in the action had been dismissed).

13

## C. Plaintiff's claim for injunctive relief

In addition to the setting aside of the foreclosure sale, and a quiet-title judgment, Plaintiff requests "a preliminary injunction preventing Defendant from transferring the subject property" and "a preliminary injunction preventing Defendants from evicting Plaintiff." (Compl. at 5, Pg ID 15.) "Injunctive relief is a remedy, however, not an independent cause of action." *Skidmore v. Access Grp., Inc.*, 149 F. Supp. 3d 807, 809 (E.D. Mich. 2015) (collecting authorities); *see also Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. 2013) (holding in a foreclosure-by-advertisement case that where the plaintiff argued "that the district court erred in dismissing her requests to quiet title and for injunctive relief," the district court "correctly found that these requests are remedies and are not separate causes of action" and dismissed the claims accordingly).

Here, Plaintiff has not stated a cognizable legal claim under any theory. For that reason, she is not entitled to the injunctive relief that she seeks.

## IV. CONCLUSION

For the reasons stated above, the Court hereby GRANTS Defendant's Motion to Dismiss.

IT IS SO ORDERED.

Dated: June 28, 2018
                                                      s/Paul D. Borman
Paul D. Borman
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 28, 2018.

s/D. Tofil  
Deborah Tofil, Case Manager